JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company,

                    Plaintiff,

          v.

MAKELELE SYSTEMS LANDSCAPE & MAINTENANCE, INC., a California corporation,

                    Defendant.

CASE NO.: 2:25-cv-11525-E

~~[PROPOSED]~~ **JUDGMENT**

[Fed.R.Civ.P. 55(b)(2)]

DATE: ~~March 20, 2026~~
TIME: ~~9:30 a.m.~~
PLACE: United States Courthouse
          255 East Temple St.
          Los Angeles, CA 90012
Courtroom 750, 7th Floor

     The Motion by Plaintiff for Default Judgment came before this Court.  Upon consideration of the evidence and argument presented, the Motion is GRANTED.

     IT IS FOUND THAT Defendant, MAKELELE SYSTEMS LANDSCAPE & MAINTENANCE, INC., a California corporation ("EMPLOYER") was regularly served with process and having failed to appear and answer the Plaintiff's Complaint, the Default of EMPLOYER has been entered.

1

Based upon the Motion for Default Judgment, the Declarations submitted and all other records and documents on file;

**IT IS HEREBY ORDERED ADJUDGED AND DECREED that**:

Judgment is entered in favor of Plaintiff, **CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, LLC**, the administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Vacation, Holiday, and Sick Pay Trust Fund; Construction Laborers Pension Trust for Southern California; Laborers Training and Re-Training Trust Fund for Southern California; Laborers Health and Welfare Trust Fund for Southern California; Laborers Contract Administration Trust Fund for Southern California; Center for Contract Compliance; Fund for Construction Industry Advancement; Laborers' Trusts Administrative Trust Fund for Southern California; Southern California Partnership for Jobs Trust Fund; San Diego County Construction Laborers Pension Trust Fund; and San Diego Construction Advancement Fund 2003 (hereinafter "Trust Funds" when referenced collectively), and against Defendant, **MAKELELE SYSTEMS LANDSCAPE & MAINTENANCE, INC., a California corporation**, IN THE AMOUNT OF $125,551.69, as follows: (a) a principal amount of $119,058.40 (including $73,855.31 in unpaid Monthly Contributions through May 2024; plus $21,311.41 in interest accrued through the date of the hearing on this Motion (March 20, 2026); $25,029.57 in liquidated damages; and $980.00 in audit fees; and taking into account a $2,117.89 credit on the Employer's account); (b) attorneys' fees of $5,981.17; and (c) costs of $512.12.

The money judgment entered in this action against EMPLOYER is for known delinquencies incurred during the period from January 2022 through May 2024. However, EMPLOYER refused to comply with a complete audit; therefore, entry of the money judgment in this action shall not be or operate as a bar and/or res judicata

as to either the amount of delinquencies which may be discovered by any additional audit conducted covering January 1, 2022 to the date of the audit by Plaintiff and/or by the TRUST FUNDS' representatives and/or which may be disclosed through claims by employees, and in any action brought to recover the subsequently disclosed delinquencies.

IT IS FURTHER ORDERED that EMPLOYER, and/or his accountants, managing employees, agents, and all persons acting by, through, or in concert with EMPLOYER be compelled to forthwith submit to an audit of EMPLOYER'S payroll and business records and that they produce and allow TRUST FUNDS to copy and have audit access to the payroll and business records for EMPLOYER from January 1, 2022 to the date of the audit as follows, and to fully cooperate with CLTF and the Trust Funds with respect to the audit in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to CLTF and the Trust Funds the following payroll and business records – and any other records determined by CLTF or the Trust Funds to be necessary to conduct a full audit – for inspection, examination, and copying:

    a. All of EMPLOYER's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors and employees of EMPLOYER's subcontractors and lower-tier subcontractors, including but not limited to payroll journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for

EMPLOYER, its employees, its subcontractors, lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employees;

b.  All of EMPLOYER's job files for each contract, project or job on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between EMPLOYER and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of EMPLOYER's employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors and lower-tier subcontractors, or the projects on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

c.  All of EMPLOYER's records relating to cash receipts, including but not limited to EMPLOYER's cash receipts journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contractors, projects and jobs on which EMPLOYER, its employees, its subcontractors, its lower-tier subcontractors or the employees of its subcontractors or lower-tier subcontractors performed work;

d. All of EMPLOYER's bank statements, including but not limited to those for all checking, savings and investment accounts;

e. All of EMPLOYER's records relating to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

f. All collective bargaining agreements between EMPLOYER and any trade union, and all records of contributions by EMPLOYER to any trade union trust fund; and

g. All records relating to the formation, licensing, renewal or operation of EMPLOYER.

IT IS FURTHER ORDERED that EMPLOYER and its managing officers, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered:

a. The following to the Trust Funds' offices within thirty (30) days of service of this judgment by CLTF on EMPLOYER by mail to the address at which the complainant in this action was served: all past due monthly fringe benefit contribution report forms due by EMPLOYER to the Trust Funds, truthfully and accurately completed and identifying all employees for whom fringe benefit contributions are owed to the Trust Funds by EMPLOYER and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit

contributions are due.

    b.  The following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

      i.  Truthfully and accurately completed monthly fringe benefit contribution reports covering all of EMPLOYER's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

      ii.  An affidavit or declaration from a managing officer or other managing agent of EMPLOYER attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

      iii.  A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due by EMPLOYER to the Trust Funds for the previous month (as stipulated on the fringe benefit contribution report(s) submitted).

IT IS FURTHER ORDERED that the failure of the EMPLOYER, managing employees, agents and successors, as well as all those in active concert or participation with any one or more of them, to provide the books and records of the

6

EMPLOYER as ordered hereby may be cause for finding them in contempt of this Court; and Plaintiff may again, through appropriate legal process, request a finding that the EMPLOYER or other person(s) are in contempt of Court.

Dated:  March 13  , 2026                    By: _____
                                                    CHARLES F. EICK
                                            United States Magistrate Judge